United States District Court
Southern District of Texas
**ENTERED**
August 18, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **CESAR ADRIAN GALARZA VILLANUEVA,** | § | |
| **Petitioner,** | § | |
| | § | |
| | § | **CIVIL ACTION NO. 5:26-CV-01246** |
| **V.** | § | |
| | § | |
| **WARDEN, *ET AL.*,** | § | |
| **Respondents.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner's pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1), and Respondents' Motion to Dismiss and, Alternatively, Motion for Summary Judgment, (Dkt. No. 9). Petitioner challenges his continued detention in federal immigration custody. After considering the petition, the motion, and applicable law, the Court concludes that Respondents' motion should be granted and the petition dismissed.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). When reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a district court may dismiss the action based upon: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Williams v. Wynne,* 533 F.3d 360, 365 n.2 (5th Cir. 2008). The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper. *Hartford Ins. Group v. Lou–Con Inc.,* 293 F.3d 908, 910 (5th Cir. 2002). Additionally, pro se litigants' pleadings are construed liberally and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Petitioner is a citizen of Mexico. He entered the United States using a visa in 2001.

(Dkt. No. 2 at 1).[1] He overstayed the expiration of his visa. He was detained by immigration officials in connection with the police's investigation of his own report that his vehicle had been stolen. (*Id.*). On May 20, 2026, Petitioner filed a habeas petition, through counsel. *Galarza Villanueva v. Cole*, No. 5:26-CV-00952, pet. (filed May 20, 2026). That petition was dismissed because Petitioner had received a bond hearing and could not show that it was constitutionally inadequate. *Galarza Villanueva v. Cole*, No. 5:26-CV-00952, Dkt. No. 14 (S.D. Tex. July 2, 2026). Petitioner filed the instant petition pro se shortly after his first petition was denied. (Dkt. No. 1). Petitioner challenges the denial of bond by the Immigration Judge (IJ).

The Court finds that Petitioner's new petition must also be dismissed for lack of jurisdiction. At Petitioner's bond hearing on April 3, 2026, he was denied bond on the basis of danger to the community. (Dkt. No. 9 at 10). Petitioner reserved appeal of the bond decision, but no appeal was filed with the Board of Immigration Appeals (BIA). (*See id.* at 3, 11). Respondents move for dismissal of the petition or summary judgment. They argue that Petitioner received due process in the form of a bond hearing and that the Court lacks subject matter jurisdiction.

The Court agrees with Respondents. Section 1226(e) deprives the Court of jurisdiction to review discretionary bond decisions by an IJ. This provision states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e); *see also Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)).

The Court cannot review Petitioner's claim because his continued detention is the result of the IJ's discretionary decision to deny bond. Upon review of the evidentiary record submitted to the Court, Petitioner received a bond hearing and individualized review of his custody. Petitioner challenges how the IJ weighed evidence at his custody redetermination. Furthermore, Petitioner has not shown that his bond hearing was

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

constitutionally inadequate, nor has he presented a claim that could not be considered by the BIA on appeal given that the IJ's bond decision was made under Section 1226. For these reasons, Respondents' motion to dismiss is granted because the Court lacks jurisdiction.

For the reasons stated above, Respondents' Motion to Dismiss and, Alternatively, Motion for Summary Judgment, (Dkt. No. 9), is **GRANTED**. Petitioner's pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1), is **DISMISSED.** All other relief requested by Petitioner is **DENIED**.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on August 18, 2026.

John A. Kazen
United States District Judge